**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
(Alexandria Division)

| | |
|---|---|
| **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION** : : : *Plaintiff*, : : v. : : **EPIQ FOOD HALL WOODBRIDGE, LLC,** *et al.* : : : *Defendants*. : | Case No: 1:24-cv-01518-PTG-WBP |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT EPIQ FOOD HALL**

Defendant Epiq Food Hall Woodbridge, LLC. ("Defendant" or "Epiq"), by and through undersigned counsel, hereby answers the Complaint filed by Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC"). Defendant denies liability on all claims. Each paragraph below responds to the numbered paragraphs in the Complaint. Any allegation not explicitly admitted below is denied.

**JURISDICTION AND VENUE**

1. Defendant admits this Court holds subject matter jurisdiction.

2. Defendant admits the alleged unlawful actions are purported to have occurred within the jurisdiction of this Court but denies any inference that Epiq violated any law.

**PARTIES**

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 8, and those allegations are therefore denied.

9. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 9, and those allegations are therefore denied.

10. Admitted.

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 17, and those allegations are therefore denied.

18. Admitted.

19. Admitted.

20. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 20, and those allegations are therefore denied.

21. Defendant lacks sufficient knowledge to admit or deny the allegations of paragraph 21, and those allegations are therefore denied.

22. Defendant admits the quoted statement within paragraph 22 is an accurate partial statement found within an addendum to Defendant's Terms and Conditions of Business Sale Agreement. The remaining allegations are denied.

23. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 23, and those allegations are therefore denied.

24. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 24, and those allegations are therefore denied.

## **ADMINISTRATIVE PROCEDURES**

25. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 25, and those allegations are therefore denied.

26. Defendant admits it received a Letter of Determination finding reasonable cause from Plaintiff, dated July 2, 2024, and an invitation to participate in a conciliation process. The remaining allegations are denied.

27. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 27, and those allegations are therefore denied.

28. Defendant admits it received a letter dated July 2, 2024, from Plaintiff, claiming to offer a proposed remedy. The remaining allegations are denied.

29. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 29, and those allegations are therefore denied.

30. Defendant admits it did not reach an agreement with Plaintiff regarding a conciliation agreement. Defendant lacks knowledge sufficient to admit or deny the remaining allegations of paragraph 30, and those allegations are therefore denied.

31. Admitted.

32. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 32, and those allegations are therefore denied.

33. Paragraph 33 alleges only a statement of law, to which no response is required. To the extent that a response is required, Defendant denies all factual allegations in paragraph 33.

## STATEMENT OF CLAIMS

34. Admitted.

35. Defendant admits that Brown was promoted to General Manager in and around November 2022. The other allegations in paragraph 35 are denied.

36. Denied.

37. Admitted.

38. Admitted.

39. Denied.

40. Denied.

41. Denied.

42. Defendant admits Brown resigned on January 16, 2023.

43. Defendant admits Brown resigned. All other allegations in paragraph 43 are denied.

44. Defendant admits Brown resigned through a brief "slack" message. Defendant denies the quoted statement is found in Brown's January 16, 2023, message giving notice of his termination. All other allegations in paragraph 44 are denied.

45. Defendant admits Brown resigned through a brief "slack" message. Defendant denies the quoted statement is found in Brown's January 16, 2023, message giving notice of his termination. All other allegations in paragraph 45 are denied.

46. Defendant admits Brown resigned through a brief "slack" message. Defendant denies the quoted statement is found in Brown's January 16, 2023, message giving notice of his termination. All other allegations in paragraph 46 are denied.

47. Defendant admits it does not have a department named "Human Resources." All other allegations in paragraph 47 are denied.

48. Defendant admits it does not have a listed procedure in a document titled "Employee Handbook" describing reporting allegations of discrimination or harassment.

49. Denied.

## CAUSES OF ACTION

### COUNT I: Hostile Work Environment Because of Race

50. Defendant repeats and incorporates by reference its responses as set forth above.

51. Denied.

52. Denied.

53. Denied.

54. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 54, and those allegations are therefore denied.

55. Denied.

56. Denied.

57. Denied.

### COUNT II: Constructive Discharge

58. Defendant repeats and incorporates by reference its responses as set forth above.

59. Denied.

60. Defendant lacks knowledge sufficient to admit or deny the allegations of paragraph 60, and those allegations are therefore denied.

61. Denied.

62. Denied.

63. Denied.

The remainder of Plaintiff's Complaint asserts no facts but rather makes a prayer for relief to which no response is required. To the extent a response is required, Defendant denies all further assertions.

## AFFIRMATIVE DEFENSES

1. At all times, Defendant acted in good faith and Defendant had reasonable grounds to believe that any act or omission was not a violation of applicable law.

2. Plaintiff did not suffer a tangible employment action.

3. Defendant took reasonable care to prevent harassment in the workplace and Plaintiff did not communicate with fellow employees and/or supervisors to share his concerns as required in Defendant's Code of Conduct.

4. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of new and/or additional affirmative defenses, and/or should a change in the law support the inclusion of new and/or additional affirmative defenses.

[ *Signature on following page.* ]

                        Respectfully submitted,

Dated: October 29, 2024            */s/ Tyler Freiberger*
David R. Warner Esq., VSB 75912
Tyler J. Freiberger Esq., VSB No. 87537
Warner PLLC
1818 Library Street
Suite 500
Reston, VA 20190
703-951-1919 (Office)
703-956-3009 (Fax)
dwarner@warnerpllc.com
tfreiberger@warnerpllc.com

*Attorneys for Defendant*
*Epiq Food Hall Woodbridge, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Answer and Affirmative Defenses was served on counsel for Plaintiff on October 29, 2024, via email and the Court's electronic delivery system to:

Maria Luisa Morocco
Assistant Regional Attorney
Christine T. Johnson
Trial Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington Field Office
131 M Street, NE,
Suite 4NW02F
Washington, DC 20507
maria.morocco@eeoc.gov
christine.t.johnson@eeoc.gov

*Counsel for Plaintiffs*

                                            */s/ Tyler Freiberger*
                                            Tyler Freiberger, Esq. (VSB No. 87537)